**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YASMINE COELLO, | |
| Plaintiff, | Civil Action No: 20-1682 (SDW)(LDW) |
| v. | **OPINION** |
| LOUIS M.J. DILEO, et al., | |
| Defendants. | October 21, 2020 |

**WIGENTON**, District Judge.

Before this Court are Defendants City of Linden ("City"), Nicholas P. Scutari, Richard J. Gerbounka[1], and Louis M.J. DiLeo's, (collectively "City Defendants"), and Defendants Kathleen Estabrooks and Kathleen Estabrooks, P.C.'s Motions to Dismiss[2] Plaintiff Yasmine Coello's ("Plaintiff" or "Coello") First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the motions are **GRANTED in part** and **DENIED in part**.

---

[1] At all relevant times, Gerbounka was the Mayor of the City of Linden. (D.E. 1 ¶¶ 5-6.)

[2] Plaintiff has also named John Doe(s) 1-10, and ABC Entities 1-10 as defendants. Although courts may "allow claims based upon 'fictitious' defendants because they may be found and named later through the discovery process," *K.J. ex rel. Lowry v. Div. of Youth & Family Servs.*, 363 F. Supp. 2d 728, 740 (D.N.J. 2005) (citing *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004)), where Plaintiff has failed to plead facts sufficient to sustain a claim against any defendant, claims against these fictitious defendants will be dismissed as well.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On January 17, 2007, non-party Shirley Messina ("Messina") filed a citizen's complaint in Linden Municipal Court against Coello, alleging that Coello had harassed her. (FAC ¶¶ 17-18.) At the time, Coello was dating David Figueroa ("Figueroa"), Messina's ex-boyfriend. (FAC ¶¶ 18-20.) The charge was initially dismissed, but later reinstated, although neither the reason for the dismissal nor the reinstatement are included in the record. (*Id.* ¶¶ 17-22.) On February 26, 2007, Kathleen Estabrooks, Esq. ("Estabrooks")[3], who was "simultaneously representing Messina in other civil actions against Figueroa . . . in Superior Court of Union County, Family Court," sought appointment to serve as the acting prosecutor of Messina's complaint. (*Id.* ¶¶ 23-24.) Prior to being appointed, Estabrooks was required to submit an affidavit disclosing any conflicts of interest, indicating whether the municipal prosecutor, Nicholas P. Scutari ("Scutari") had elected not to prosecute the matter, and averring that there were "no other facts that could reasonably affect the impartiality of the private prosecutor and the fairness of the proceedings or otherwise create an appearance of impropriety." (*Id.* ¶¶ 24-26.) Estabrooks' affidavit did not disclose that she was representing Messina in Family Court and did not certify that Scutari had declined to prosecute Coello's case. (*Id.* ¶ 27, Ex. A.)

On March 6, 2007, Municipal Court Judge Louis M.J. DiLeo ("DiLeo") "presided over the trial in the matter of *State v. Coello*, SC 2007-007130, with Estabrooks serving as acting prosecutor." (*Id.* ¶ 33.) Plaintiff alleges that during the trial, and over her counsel's objection, "DiLeo had [her] removed from the courtroom while the prosecution's witness testified" and also cross-examined her. (*Id.* ¶¶ 34-35.) DiLeo found Coello guilty "of the petty disorderly persons

---

[3] Estabrooks was, at all relevant times, the "principle, agent and/or employee" of Defendant Kathleen Estabrooks, P.C., a "duly formed professional corporation of the State of New Jersey providing legal services." (FAC ¶ 10.)

offense of Harassment pursuant to N.J.S.A. 2C:33-4(a) and sentenced her to a $300.00 fine, $34.00 in court costs and thirty (30) days in jail . . . ." (*Id.* ¶ 37.) Coello's jail sentence was suspended "on the condition that [she] attend twenty-six (26) weeks of anger management counseling . . . ." (*Id.* ¶ 37.)

On or about January 7, 2008, Estabrooks allegedly sent a letter to DiLeo requesting confirmation that Coello had completed the anger management counseling and informing the court that Messina had filed another complaint against Coello. (*Id.* ¶ 38.) In response, DiLeo held a post-trial hearing at which Coello appeared without counsel, Estabrooks appeared as counsel for Messina, and no municipal prosecutor appeared. (*Id.* ¶¶ 39-41.) DiLeo then reinstated Coello's jail sentence. (*Id.* ¶¶ 44-51.)

Coello hired new counsel, who filed a motion for reconsideration of sentence on January 18, 2008. (*Id.* ¶¶ 52-56.) Estabrooks opposed the motion, but no formal opposition was submitted by the municipal prosecutor. (*Id.* ¶¶ 57-60.) DiLeo held oral argument on January 30, 2008, although the record does not reflect what occurred, and Coello was freed on February 3, 2008, after serving eighteen days in jail. (*Id.* ¶¶ 58-61.)

In 2016, Coello moved to vacate her conviction. (*Id*. ¶ 63.) The government did not oppose, and the motion was granted on February 26, 2018. (*Id.* ¶¶ 63-65, Ex. C, D.) Coello's record was expunged on November 19, 2018. (*Id.* ¶¶ 71-72, Ex. F.)

On February 18, 2020, Coello filed suit in this Court alleging that defendants' actions in the state court proceedings violated her constitutional and statutory rights. Defendants moved to dismiss in July, 2020 and all briefs were timely filed. (D.E. 27-30.)

## II.     LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III. DISCUSSION

#### A. Constitutional Claims against City Defendants

Plaintiff first raises claims against the City Defendants pursuant to both the United States and New Jersey constitutions for: 1) violation of her right to counsel, right to confront witnesses, and right to a fair trial (Counts One and Two); 2) violation of her right to substantive due process (Counts Three through Five); 4) conspiracy to violate her civil rights (Counts Six and Seven); and 5) governmental liability for constitutional violations (Count Eight) (*Monell* liability as against the City and Gerbounka only).

42 U.S.C. §1983 provides in relevant part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not itself, create any rights, it merely provides "private citizens with a means to redress violations of federal law committed by state [actors]."[4] *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (3d Cir. 1997); *O'Toole v. Klingen*, Civ. No. 14-6333, 2017 WL 132840, at *5 (D.N.J. Jan. 13, 2017); *Thomas v. E. Orange Bd. of Educ.*, 998

---

[4] To bring a § 1983 claim, "a [] plaintiff [must] prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011); *Hilton v. Whitman*, No. Civ. 04-6420, 2008 WL 5272190, at *4 (D.N.J. Dec. 16, 2008) (noting that the plaintiff must "identify the exact contours of the underlying right said to have been violated"). For a municipality to be held liable under the theory of *respondeat superior*, the constitutional harm alleged must be caused by a municipal policy or custom. *Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658, 694 (1978); *see also Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 223 (3d Cir. 2015); *Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 318 (D.N.J. 2015).

5

F. Supp. 2d 338, 350 (D.N.J. 2014).[5]  42 U.S.C. § 1985 "provides a remedy against private conspiracies and conspiracies by state actors."  *Love v. Does*, Civ. No. 17-1036, 2020 WL 5760447, at *12 (D.N.J. Sept. 28, 2020).[6]

"The statute of limitations for any Section 1983 claim is the state statute which limits actions for personal injuries."  *Cito v. Bridgewater Twp. Police Dep't.*, 892 F.2d 23, 25 (3d Cir. 1989); *see also See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Love*, 2020 WL 5760447 at *14. "In New Jersey that statute is N.J.S.A. 2A:14-2, which provides that an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action."  *Cito*, 892 F.2d at 25 (quoting *Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987)); *see also Backof v. N.J. State Police*, 92 F. App'x 852, 855 (3d Cir. 2004).  "Inasmuch as a claim pursuant to [Section 1985] is essentially an action in tort, the statutory limitation is likewise two years."  *Cito*, 892 F.2d at 23 (internal citations omitted).[7]  Accrual begins "as soon as a potential claimant either is aware, or should be aware, of the existence of and source of the injury that constitutes the legal wrong."  *Oshiver v. Leving, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994); *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *Pederson*

---

[5] Similarly, "civil claims for violations of the New Jersey Constitution can only be asserted by way of the New Jersey Civil Rights Act," N.J.S.A. 10:6-1 *et seq. Martin v. Unknown U.S. Marshals*, 965 F. Supp. 2d 502, 548 (D.N.J. 2013). Because the NJCRA is "interpreted analogously to Section 1983," this Court's § 1983 analysis controls Plaintiff's NJCRA and New Jersey constitutional claims as well.  *O'Toole*, 2017 WL 132840 at *5; *see also Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (noting that the NJCRA "was modeled after [] § 1983").  This joint federal and state constitutional analysis applies to Counts One through Eight of Plaintiff's Complaint.

[6] To bring a successful claim under Section 1985, a plaintiff must show: "(1) conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."  *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983).

[7] The parties agree that the two-year statute of limitations applies. (*See* D.E. 29 at 6; D.E. 28-4 at 9-10.)

*v. Nat'l Coll. Athletics Ass'n*, Civ. No. 14-2544, 2015 WL 7573200, at *3 n.5 (D.N.J. Nov. 24, 2015).

It is clear on the facts that Plaintiff believed that she was wrongfully sentenced in January 2008.  Indeed, Plaintiff hired an attorney at that time to challenge her sentence, arguing that it was unjust.  (*See* FAC ¶¶ 52-54.)  Therefore, Plaintiff had a "complete and present cause of action" for which she could "file suit and obtain relief" in 2008, yet did not file this civil rights suit until 2020.  *Vickers v. Childs*, 530 F. App'x 104, 105 (3d Cir. 2013).  Plaintiff's argument that her claims did not accrue until February 26, 2018 when her conviction was vacated is without merit.  (*See* D.E. 29 at 8.)  Plaintiff's choice to wait nearly a decade to vacate her conviction does not change the fact that she believed her sentence to have been wrongful, and her rights to have been violated, when she was sentenced in 2008.  As a result, Plaintiff's claims against the City Defendants are time-barred and will be dismissed with prejudice.

B. Constitutional Claims Against Estabrooks

Plaintiff's claims against Estabrooks under Counts One – Seven are also time-barred for the reasons discussed above.  Plaintiff, however, brings two separate claims against Estabrooks for malicious prosecution in violation of the United States and New Jersey constitutions (Counts Nine and Ten) which require separate scrutiny.

To prove malicious prosecution under § 1983, a plaintiff must show that:

> (1) the defendants initiated a criminal proceeding;
> (2) the criminal proceeding ended in plaintiff's favor;
> (3) the proceeding was initiated without probable cause;
> (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and
> (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.[8]

---

[8] A claim for malicious prosecution under New Jersey law does not require the seizure element, but in all other respects is the same. *See Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 248 (3d Cir. 2001).

*Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir 2009) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)); *see also Homsi v. Borough of Seaside Park*, Civ. No. 16-2937, 2018 WL 6584890, at *5 (D.N.J. Dec. 14, 2018). A claim for malicious prosecution does not begin to accrue until "the underlying criminal proceedings are terminated in plaintiff's favor." *Wiltz v. Middlesex Cty. Office of Prosecutor*, 249 F. App'x 944, 949 (3d Cir. 2007); *Rose v. Bartle*, 871 F.2d 331, 352 (3d Cir. 1989); *Bullock v. Borough of Roselle*, Civ. No. 17-13208, 2018 WL 4179481, at *6–10 (D.N.J. Aug. 31, 2018); *Waselik v. Twp of Sparta*, Civ. No. 16-4969, 2017 WL 2213148, at *4–6, *8 n.15 (D.N.J. May 18, 2017). Because Plaintiff's claims for malicious prosecution accrued when her conviction was vacated on February 26, 2018, her current claims were timely-filed. (D.E. 1.)

As to the sufficiency of Plaintiff's pleadings, the parties do not dispute that the charges against Plaintiff were ultimately vacated, or that Plaintiff suffered a deprivation of liberty. What is in dispute is whether Plaintiff has sufficiently pled that Estabrooks initiated proceedings against her, that the proceedings were initiated without probable cause, and that Estabrooks acted with malice.

*Initiation of Proceedings*

Generally, prosecutors are responsible for initiating criminal proceedings, but "[d]ecisions have recognized that a § 1983 malicious prosecution claim might be maintained against one who furnished false information to, or concealed information from, prosecuting authorities." *Gallo v. City of Phila.*, 161 F.3d 217, 220 n.2 (3d Cir. 1998). Here, Plaintiff has pled that Estabrooks "investigated, initiated, maintained, pursued and/or pressed criminal proceedings against" her. (FAC ¶¶ 221, 228.) In support of that claim, Plaintiff alleges that Estabrooks actively sought appointment to prosecute Coello by means of a deficient affidavit, and subsequently initiated the

post-trial hearing which led to Coello's incarceration. (FAC ¶¶ 17-18, 38.) These allegations are sufficient at this stage to permit Plaintiff's claim to proceed.

*Probable Cause*

Probable cause is defined as "'reasonable grounds for suspicion supported by circumstances sufficiently strong in themselves to warrant an ordinarily cautious [person] in the belief that the accused is guilty of the offense with which he is charged.'" *Land v. Helmer*, 843 F. Supp. 2d 547, 550 (D.N.J. 2012) (quoting *Lind v. Schmid,* 337 A.2d 365, 369 (N.J. 1975)); *see also Lippay v. Christos*, 996 F.2d 1490, 1502 (3d Cir. 1993). Plaintiff has pled that the citizen's complaint lacked probable cause, (FAC ¶¶ 19, 223), and that the facts surrounding the initial dismissal and later reinstatement of that case were motivated by a desire to improve Messina's position in family court, rather than to hold Plaintiff accountable for actionable harassment. (FAC ¶ 32.) Taking Plaintiff's allegations as true, as is required on a motion to dismiss, Plaintiff has sufficiently pled that the charges against her lacked probable cause.

*Malice*

As to malice, "[a]cutal malice in the context of malicious prosecution is defined as either ill will in the sense of spite, lack of belief by the actor himself in the propriety of the prosecution, or its use for an extraneous improper purpose." *Lee v. Mihalich*, 847 F.2d 66, 69-70 (3d Cir. 1988). "The element of malice may be inferred from a lack of probable cause." *Morales v. Busbee*, 972 F. Supp. 254, 261 (D.N.J. 1997); *see also Lippay*, 996 F.2d at 1502. Here, having determined that the pleadings sufficiently allege an absence of probable cause, this Court may infer malice. In addition, Plaintiff pleads that Estabrooks "had malicious motive to investigate, initiate, maintain, pursue, and/or press criminal charges including but not limited to utilizing gains she realized in the criminal prosecution for the benefit of her client Messina in separate legal matters involving .

9

. . Figueroa," suggesting that she was motivated, at least in part, by animus, rather than belief in the propriety of the prosecution. (FAC ¶¶ 223-224.) Because Plaintiff has sufficiently pled the five elements of a malicious prosecution claim, the motion to dismiss Counts Nine and Ten will be denied.[9]

    C. <u>Vicarious Liability</u>

Plaintiff also brings a claim against Kathleen Estabrooks, P.C. ("KEPC") for vicarious liability for Estabrooks' allegedly wrongful actions (Count Eleven). "Under *respondeat superior*, an employer can be found liable for the negligence of an employee causing injuries to third parties if, at the time of the occurrence, the employee was acting within the scope of his or her employment." *Carter v. Reynolds*, 815 A.2d 460, 463 (N.J. 2003). To establish vicarious liability, a plaintiff "must prove (1) that a master-servant relationship existed and (2) that the tortious act of the servant occurred within the scope of that employment." *Id.* Plaintiff alleges that, at all relevant times, Estabrooks "was working in the scope of her professional employment as an agent, partner and/or principal of [KEPC]." (FAC ¶ 234.) KEPC was formed to provide legal services in New Jersey, and Estabrooks was acting at all relevant times as an attorney. As such, Plaintiff has pled facts sufficient to maintain her claim for vicarious liability, and Estabrooks' motion to dismiss Count Eleven will be denied.

---

[9] Any discussion of immunities is premature at this stage, because any determination as to whether they apply will require fact discovery. The Court does note, however, that on the pleadings, there are serious questions as to whether the litigation privilege or absolute prosecutorial immunity are available to Estabrooks. *See, e.g.*, *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 318 (3d Cir. 2014); *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 524 (D.N.J. 2012) (recognizing that the litigation privilege does not apply to claims for malicious prosecution); *Rehberg v. Paulk*, 566 U.S. 356, 364-66 (2012) (discussing the lesser protections historically afforded private prosecutors as compared to public prosecutors); *Voytko v. Ramada Inn of Atl. City*, 445 F. Supp. 315, 327-28 (D.N.J. 1978).

IV. **CONCLUSION**

For the reasons set forth above, the City Defendants' Motion to Dismiss the Complaint is **GRANTED with prejudice**.  Defendant Estabrooks' Motion to Dismiss is **GRANTED with prejudice** as to Counts One – Seven and **DENIED** as to Counts Nine - Eleven.  An appropriate order follows.

      /s/ Susan D. Wigenton     
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Leda D. Wettre, U.S.M.J.
              Parties