**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

December 4, 2020

Beth G. Baldinger, Esq.
Cory J. Rothbort, Esq.
Mazie Slater Katz & Freeman LLC
103 Eisenhower Parkway
Roseland, NJ 07054
*Counsel for Plaintiff*

Joshua F. McMahon, Esq.
Law Offices of Joshua F. McMahon
123 South Avenue East, 2nd Floor
Westfield, NJ 07090
*Counsel for Plaintiff*

Robert F. Varady, Esq.
La Corte, Bundy, Varady & Kinsella, Esqs.
989 Bonnel Court
Union, NJ 07083
*Counsel for Defendants Louis M.J. DiLeo, Richard J. Gerbounka,*
*City of Linden, & Nicholas P. Scutari*

Jeffrey S. Leonard, Esq.
Meredith Kaplan Stoma, Esq.
Lewis Brisbois Bisgaard & Smith LLP
One Riverfront Plaza, Suite 800
Newark, NJ 07102
*Counsel for Kathleen Estabrooks & Kathleen Estabrooks, P.C.*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

    Re:    **Coello v. DiLeo et al.**
              **Civil Action No. 20-1682 (SDW) (LDW)**

Counsel:

Before this Court is Plaintiff's Motion for Reconsideration of this Court's October 21, 2020 Opinion and Order ("October 21st Decision") which granted Defendants' motions to dismiss Plaintiff's First Amended Complaint.[1]  (D.E. 33, 34.)  This Court having considered the parties' submissions[2], and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** the Motion for Reconsideration.

**DISCUSSION**

    A.  Standard of Review

Although the Federal Rules of Civil Procedure "do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such review."  *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015).  A party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked."  L. Civ. R. 7.1(i).  A motion for reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at *2 (internal citations omitted), which is to be granted "sparingly."  *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000).  Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process."  *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

    B.  The October 21st Decision Is Not Clearly Erroneous or Contrary to Law

The October 21st Decision identified and applied the proper legal standards for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff does not identify any intervening change in the relevant law or new evidence that was unavailable at the time this Court entered its decision, consequently, Plaintiff's motion rests solely on the contention that this Court's decision contains an error of fact or law that, if left uncorrected, would result in manifest injustice.  (*See* D.E. 35-1 at 3 (arguing that the Court's decision "was a clear error of law in contravention" of established precedent).)  Specifically, Plaintiff argues that this Court erred in finding her claims untimely.  (*See generally* D.E. 35-1 (arguing that under *Heck v. Humphrey*, 512 U.S. 477 (1994)

---

[1] The October 21st Decision dismissed all claims against City of Linden, Nicholas P. Scutari, Richard J. Gerbounka, and Louis M.J. DiLeo, and Counts One through Seven against Kathleen Estabrooks and Kathleen Estabrooks, P.C. (D.E. 34.)

[2] Plaintiff's motion for leave to file a reply brief, (D.E. 38), is denied.  This Court will not consider the materials submitted in support of that motion in reaching its decision on the motion for reconsideration.

and its progeny, Plaintiff's civil rights claims did not accrue until February 26, 2018, making the filing of her lawsuit on February 18, 2020 timely).)  The statute of limitations issue, however, was clearly addressed in the October 21st Decision.  (*See* D.E. 33 at 6-7)   Therefore, Plaintiff merely encourages this Court to "analyze the same facts and cases it already considered" to come to a different conclusion.  *Tehan v. Disability Mgmt. Servs.*, 11 F. Supp. 2d 542, 549 (D.N.J. 2000).  Asking this Court to "rethink" its holding is not an appropriate basis upon which to seek reconsideration.  *See Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Accordingly, Plaintiff's motion will be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration of this Court's October 21, 2020 Opinion and Order is **DENIED**.  An appropriate order follows.

  ___/s/ Susan D. Wigenton_____
  **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       Leda D. Wettre, U.S.M.J.