# SINGLETON LLC

Attorneys at Law

|  |  |  |
|---|---|---|
| Brian D. Singleton | 14 Walsh Drive, Suite 202<br>Parsippany, New Jersey 07054 | Of Counsel |
| Ling W. Lau* | Tel: 973.261.5960 | Fax: 973.201.0241 | Kristen Jasket Piper* |
| Brian J. DeBoer* |  | Amy L. Miller* |
| Samuel Eglow |  | * Admitted in NJ and NY |

December 28, 2023

**VIA Electronic Filing**
Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court
District of New Jersey
M.L.K., Jr., Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

  Re: Yasmine Coello v. DiLeo, et al.
     Civil Action No.: 2:20-cv-1682-SDW-LDW

Dear Judge Wettre,

 Pursuant to your Letter Order the parties have conferred and have agreed upon the attached Joint Discovery Plan. We look forward to the scheduling conference on January 4, 2024.

                Respectfully Submitted,

                Brian D. Singleton

Enclosure
cc: Robert Varady, Esq. (via Electronic Filing)
   Mitchell B. Jacobs, Esq. (via Electronic Filing)
   Robert F. Renaud, Esq. (via Electronic Filing)
   Michael Simitz, Esq. (via Electronic Filing)

SINGLETON LLC
Brian D. Singleton, Esq.
Kristen Jasket Piper, Esq.
14 Walsh Drive, Suite 202
Parsippany, New Jersey 07054
T: 973-261-5960
Attorneys for Plaintiff, Yasmine Coello

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YASMINE COELLO,<br><br>           Plaintiff,<br><br>     vs.<br><br>LOUIS M.J. DiLEO; RICHARD J. GERBOUNKA, Mayor; CITY OF LINDEN; NICHOLAS P. SCUTARI; KATHLEEN ESTABROOKS; KATHLEEN ESTABROOKS, P.C.; JOHN DOE(S) 1-10; and ABC ENTITIES 1-10.<br><br>           Defendants. | CIVIL ACTION NO.: 2:20-cv-1682<br><br>Honorable Leda D. Wettre, U.S.M.J.<br><br>**JOINT DISCOVERY PLAN**<br><br>Initial Scheduling Conference:<br>January 4, 2024 at 12:00 p.m. (E.S.T.) |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

   **On March 6, 2007 Plaintiff was convicted of the petty disorderly person offense of Harassment under <u>N.J.S.A.</u> 2C:33-4(a) following a trial held in Linden Municipal Court, presided over by defendant, Judge Louis M.J. DiLeo and prosecuted by defendant Kathleen Estabrooks ("Estabrooks") of defendant Kathleen Estabrooks, P.C. (the "Estabrooks Law Firm"). Following this conviction, in January 2008, Judge DiLeo imprisoned Plaintiff for at least 18 days. Thereafter, on February 26, 2018, the Hon. Antonio Inacio, J.M.C. entered an Order granting Plaintiff's motion for post-conviction relief and vacating Plaintiff's conviction. In vacating Coello's conviction on February 26, 2018, Judge Inacio ruled that Jude DiLeo's sentencing of Coello was '"unjust" and "illegal"**.

   **Plaintiff alleges that her now-vacated conviction and incarceration was the result of a trial and post-trial proceedings rife with constitutional violations which deprived Plaintiff of a fair trial, including but not limited to the illegal appointment of Estabrooks as prosecutor, a private attorney with a conflict of interest; the removal of Plaintiff from the courtroom during trial**

1

proceedings; the extensive cross-examining of Plaintiff by Judge DiLeo; depriving Plaintiff of legal representation; the assumption of Judge DiLeo as prosecutor at a post-trial hearing; and the imposition of an illegal jail sentence which constituted a "cruel and unusual punishment". Plaintiff also alleges that defendant Nicholas Scutari ("Scutari"), who was appointed to serve as the Linden Municipal Prosecutor at all relevant times, improperly abdicated his responsibilities as Prosecutor for the Complaint in State v. Coello. Plaintiff furthermore alleges that the aforementioned actions of defendants Judge DiLeo and Scutari were facilitated by Defendants Gerbounka, Mayor of the City of Linden and the City of Linden (together, the "Linden Defendants") as a product of a long-standing custom, policy and practice by the Linden Defendants to deny those accused in their Court to their constitutionally protected rights.

Plaintiff filed an 11 count First Amended Complaint ("FAC") against defendants asserting claims as follows:

| | |
|---|---|
| **First & Second Counts:** | **Violations of right to counsel, right to confront witnesses and right to a fair trial protected.** *Actionable against Defendants DiLeo, Scutari, Gerbounka, Estabrooks and John Does 1-10.* |
| **Third & Fourth Counts:** | **Violations of substantive due process rights.** *Actionable against Defendants DiLeo, Scutari, Gerbounka, Estabrooks and John Does 1-10.* |
| **Fifth Count:** | **Imposition of "Cruel and unusual punishment"** *Actionable against Defendants DiLeo, Scutari, Gerbounka, Estabrooks and John Does 1-10.* |
| **Sixth & Seventh Counts:** | **Conspiracy to Violate Civil Rights.** *Actionable against Defendants DiLeo, Scutari, Gerbounka, Estabrooks and John Does 1-10.* |
| **Eighth Count:** | **Governmental Liability for constitutional liability (*Monell* liability)** *Actionable against Defendants City of Linden, Gerbounka, John Does 1-10 and ABC Entities 1-10.* |
| **Ninth & Tenth Counts:** | **Malicious Prosecution.** *Actionable against Estabrooks and John Does 1-10.* |
| **Eleventh Count:** | **Vicarious Liability.** *Actionable against Kathleen Estabrooks P.C. and ABC Entities 1-10.* |

2

After the filing of Plaintiff's First Amended Complaint, Defendants moved pursuant to. Fed.R.Civ.P. 12(b)(6) and 12(b)(l) to dismiss all claims asserted against them, which Plaintiff opposed.

By October 21, 2020, written opinion accompanied by an Order, the Hon. Susan D. Wigenton, U.S.D.J. granted the City Defendants' motion to dismiss the FAC in its entirety and granting the Estabrooks Defendants' motion to dismiss in part, dismissing Counts One through Seven with prejudice, and denying as to Counts Nine through Eleven. (D.E. 33, 34). In its opinion, the Court dismissed the aforesaid claims on the basis that those claims were time-barred by the applicable two-year statute of limitations. Specifically, the Court found that the dismissed claims accrued in 2008 as that is when Plaintiff believed that her sentence was wrongful and her claims to have been violated.

Plaintiff sought reconsideration on the basis that the Court's October 21, 2020 Order and accompanying Opinion was in error and contrary to *Heck v. Humphrey,* 512 U.S. 477 (1994) and its progeny. Specifically, Plaintiff asserted that her claims dismissed by this Court did not accrue until February 26, 2018 on which date there was a 'favorable termination' of the underlying criminal matter. Plaintiff's motion for reconsideration was denied by Judge Wigenton by December 4, 2020, written opinion accompanied by an Order (D.E. 39, 40).

The Estabrooks Defendants filed an Answer to Plaintiff's FAC on January 4, 2021, which denies Plaintiff's allegations. Plaintiff then settled with the Estabrooks Defendants and the counts against same were dismissed by stipulation on June 22, 2021 (D.E. 54, 55).

On July 20, 2021, Plaintiff filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit as to Judge Wigenton's October 21, 2020 Order dismissing the FAC in its entirety, and Judge Wigenton's December 4, 2020 Order denying Plaintiff's motion for reconsideration. On September 6, 2022, Judge Wigenton's Order was reversed and remanded for further proceedings consistent with the judgment of the United States Court of Appeals for the Third Circuit (D.E. 62).

On September 21, 2023, Judge Wigenton denied Defendants DiLeo, Scutari, Gerbounka, and City of Linden's Motion to Dismiss Plaintiff's FAC (D.E. 70, 71). On October 18, 2023, Defendant Scutari filed an answer to Plaintiff's FAC along with crossclaims against the City of Linden, Gerbounka, and Judge DiLeo (D.E. 75). On October 30, 2023, Defendant DiLeo filed an answer to Plaintiff's FAC along with crossclaims against Defendants City of Linden, Gerbounka, and Scutari (D.E. 79). On November 3, 2023, Defendant City of Linden filed an answer to Plaintiff's FAC along with crossclaims against codefendants (D.E. 80). On November 17, 2023, Defendant Gerbounka filed an answer to Plaintiff's

3

**FAC along with crossclaims against City of Linden, Judge DiLeo, and Scutari (D.E. 81).**

**Defendant DiLeo will raise the defenses of judicial immunity and sovereign immunity. Judge Wigenton's denial of Defendants' motion was under the *Fed.R.Civ.P.* 12(b)(6) standard and under that Rule, the Court had to accept all factual allegations as true, construe the complaint in the light most favorable to Plaintiff, and determine whether, under any reasonable reading of the complaint, Plaintiff may be entitled to relief. It is Defendant DiLeo's position that the facts brought out in discovery will be favorable to DiLeo filing dispositive motions to dismiss Plaintiff's Complaint.**

**Defendant City of Linden asserts that it has adopted no unconstitutional policy, custom or practice that would give rise to <u>Monell</u> liability and that there is no <u>respondeat superior</u> liability under <u>Monell.</u>**

**Defendant Gerbounka joins in with the assertions of Defendants DiLeo and City of Linden and further asserts all Title 59 immunities as they may apply, Sovereign Immunity and other statutory immunities as they may apply. Defendant Gerbounka had no personal involvement in any of the referenced court proceedings and Plaintiff's claims against him fail as a matter of fact and as a matter of law.**

**Defendant Scutari asserts that he was one of two Municipal Prosecutors employed by the City of Linden at the time Plaintiff was tried, convicted, and sentenced. Because the Court appointed a private prosecutor, Defendant Scutari had no involvement whatsoever in Plaintiff's criminal matter at any point of time. Rather, the matter was exclusively handled by a private prosecutor. Plaintiff has no claim as a matter of law and fact as Defendant Scutari had no personal involvement in the alleged constitutional violations. Further, Defendant Scutari is entitled to both absolute and qualified immunity as a municipal prosecutor and would be entitled to same even if he had prosecuted the case. Plaintiff's claim that Defendant Scutari "abdicated" responsibility by not prosecuting Plaintiff has no legal basis and is not a clearly established right under either the United States or New Jersey Constitutions.**

2.   Have settlement discussion taken place? **Yes**_____ **No**____X_____

   If so, when? _____

   (a) What was the plaintiff's last demand?

      (1) Monetary demand:_____
      (2) Non-monetary demand: _____

   (b) What was defendant's last offer?

4

       (1) Monetary offer: $_____
       (2) Non-Monetary offer: _____

3.     The parties [have _____ -have not __X__ ] exchanged the information required by <u>Fed. R. Civ. P.</u> 26(a)(1). If not, state the reason therefor.

   **Plaintiff has made initial disclosures. Defendants have not made initial disclosures. Defendant Scutari anticipates serving initial disclosures by the first week of January 2024.**

4.     Describe any discovery conducted other than the above disclosures.

   **None to date.**

5.     Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

   **The parties do not anticipate any such motions at this time.**

6.     The parties propose the following:

   (a)     Discovery is needed on the following subjects:

   **(1) Liability for the prosecution of Plaintiff; (2) Plaintiff's alleged injuries; and (3) Defendant's affirmative defenses.**

   (b)     Should discovery be conducted in phases? **<u>Yes.</u>**

   (c)     Number of Interrogatories by each party to each other party: **<u>25</u>**

   (d)     Number of Depositions to be taken by each party: **<u>10</u>**

   (e)     Plaintiff's expert report due on **<u>October 4, 2024</u>**.

   (f)     Defendants' expert report due on **<u>December 4, 2024</u>**.

   (g)     Rebuttal expert reports due on **<u>January 4, 2025.</u>**

   (h)     Motions to Amend or Add Parties to Be Filed By: **<u>March 8, 2024</u>**

   (i)     Dispositive motions to be served within **<u>60</u>** days of completion of discovery

   (j)     Factual discovery to be completed by **<u>August 9, 2024</u>**.

  (k)  Expert discovery to be completed by **February 4, 2025.**

  (l)  Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

    **None**.

  (m)  A pretrial conference may take place on **TBD**.

  (n)  Trial by jury or non-jury Trial: **Jury Trial**

  (o)  Trial date: **TBD**

7.  Do you anticipate any discovery problems? Yes  **X**  No _____

**In connection with Plaintiff's claim under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), Plaintiff will need to obtain significant discovery from the City of Linden on other criminal matters during the relevant time period in which Defendant DiLeo was the judge and Defendant Scutari was the prosecutor. Plaintiff anticipates doing so through discovery demands and the New Jersey Open Public Records Act.**

8.  Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes_____ No  **X** 

9.  State whether this case is appropriate for voluntary arbitration (pursuant to L.Civ.R. 201.1 or otherwise), mediation (pursuant to L.Civ.R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after competition of depositions, after disposition of dispositive motions, etc.)

**The parties submit that this case is appropriate for mediation pursuant to *L.Civ.R.* 301.1 and that this mediation should be scheduled before depositions are taken. However, to ensure meaningful participation from both sides, some limited exchange of documents may be required. This case is not appropriate for voluntary arbitration pursuant to *L.Civ.R.* 201.1 based on the allegations that Defendants violated Plaintiff's constitutional rights.**

**Defendant DiLeo will require discovery before participating in mediation.**

10.  Is this case appropriate for bifurcation? **No.**

11.  The parties **do not** consent to the trial being conducted by a Magistrate Judge.

6

| | |
|---|---|
| */s/ Brian D. Singleton* | */s/ Robert Varady* |
| Brian D. Singleton, Esq. | Robert Varady, Esq. |
| Singleton LLC | La Corte, Bundy, Varady, & Kinsella |
| Attorneys for Plaintiff | Attorney(s) for Defendant DiLeo |
| | |
| */s/ Mitchell B. Jacobs* | */s/ Robert F. Renaud* |
| Mitchell B. Jacobs, Esq. | Robert F. Renaud, Esq. |
| Cleary Giacobbe Alfieri Jacobs, LLC | Renaud Colicchio LLC |
| Attorney(s) for Defendant Gerbounka | Attorney(s) for Defendant City of Linden |
| | |
| */s/ Michael Simitz* | |
| Michael Simitz, Esq. | |
| Kologi Simitz LLC | |
| Attorney(s) for Defendant Nicholas Scutari | |