# KOLOGI SIMITZ
## COUNSELLORS AT LAW

EDWARD J. KOLOGI, ESQ.

MICHAEL S. SIMITZ, ESQ.
ALSO ADMITTED IN NY

500 NORTH WOOD AVE
LINDEN, NJ 07036
PHONE (908) 486-8877
FAX (908) 486-3911

503 UNION AVE (ROUTE 71)
LOMURRO LAW FIRM BUILDING
BRIELLE, NJ 08730
PHONE (732) 221-0606

e_kologi_esq@comcast.net
michaelsimitz@aol.com

REPLY TO LINDEN OFFICE

October 15, 2024

Honorable Leda Dunn Wettre, U.S.M.J.
District of New Jersey
Martin Luther King Federal Courthouse
50 Walnut Street
Newark, NJ 07101
Via ECF Only

   Re: Coello v. City of Linden, et al.
      Civil Action No. 2:20-cv-1682 SDW/LDW

Dear Judge Wettre:

  Pursuant to our Conference on October 9, 2024, we respectfully submit the following in lieu of a more formal Motion for a Protective Order limiting the scope of any Depositions in this case, including that of Defendant Nicholas Scutari.

## FACTUAL BACKGROUND

  The facts of this case as to our client are quite straightforward. In 2007 and 2008, Defendant Scutari was the Municipal Prosecutor in Linden. Plaintiff Coello was charged in a citizens Complaint matter. Upon application, pursuant to *R.* 7:8-7, the Court appointed attorney Kathleen Estabrooks, Esq., to prosecute the *Coello* case. According to the Court Rule in effect at that time:

> The **court** may also, in its discretion and in the interest of justice, direct the municipal prosecutor if there is one, to represent the government or **may permit a private prosecutor to represent the government**. A prosecutor may, however, be so permitted only if the court has first reviewed the attorney certification submitted on a form prescribed by the Administrative Director of the Courts, ruled on the contents of the certification, and granted the attorney's motion to act as a private prosecutor for good cause shown.
> *R.* 7:8-7 (prior to amendment on 9/1/2007) [emphasis added].

  It is undisputed that Defendant Scutari was no way involved in any aspect of the case and per the Rules of Court had no role in the appointment of a Private Prosecutor, which lies solely

within the discretion of the Municipal Court Judge. Coello was represented by an attorney and eventually convicted. Some time later, when it was brought to the Court's attention that Coello did not complete a certain portion of her sentence, Municipal Judge Louis DiLeo, also a Defendant herein, sentenced her to jail, where she served approximately 18 days. The Private Prosecutor, Estabrooks, was present at sentencing on behalf of the State. Plaintiff eventually obtained Post Conviction Relief in 2018. The instant lawsuit followed.

Plaintiff's lawsuit and discovery adduced to date makes it clear that Scutari had no involvement whatsoever in the matter. This is not disputed by Plaintiff. Rather, Plaintiff's theory is that Scutari was somehow compelled to inject himself into the case, contrary to the New Jersey Rules of Court. Plaintiff has so far not provided any case law, statute, or any other authority, to support its position.

It is to be emphasized that all of the foregoing involving Coello took place in 2007 and 2008. Years later, certain different issues arose regarding the Linden Municipal Court. Then Judge DiLeo, was sued for conducting a trial without a Prosecutor present and *de facto* acting as the Prosecutor. In a separate matter, Defendant Scutari was criticized for paying other Municipal Prosecutors to cover a number of his Court sessions between 2014 and 2018. There was a criminal review and civil investigation into Scutari's actions, and absolutely nothing untoward was adjudicated as a City of Linden Policy actually compelled the Prosecutor (and the Public Defenders) to pay out of their pockets for a substitute. However, due to his position as a Senator, and subsequently the New Jersey Senate President, and a fallout with the Linden Mayor, the above matter was used to politically harass and embarrass him, notwithstanding the absence of any findings of legal culpability.

In this case, Scutari, as noted, is accused of not becoming involved in a case where a Private Prosecutor was appointed by the Court. It is not alleged that Scutari paid a Prosecutor to cover the case, nor is it alleged that Judge DiLeo proceeded without a Prosecutor. Hence, the events involving these matters which took place six years or more after the *Coello* case, are in no way factually nor legally related to Plaintiff's claims, and cannot by any stretch the imagination be calculated to lead to admissible evidence.

In Interrogatories and Document Requests, Plaintiff sought to delve into this latter area, and we expect that he will also seek to do so at Depositions. As there is no factual nor legal nexus between what happened in 2014 to 2018, as opposed to what happened in the *Coello* matter in 2007 and 2008, the sole effect of such inquiry, whether intended or not, will be to embarrass and harass Defendant Scutari and reactivate what was essentially a political dispute in the City of Linden. Based upon the foregoing, we are respectfully seeking a Protective Order limiting the scope of any Deposition questions in this case to the events of the *Coello* case in 2007 and 2008, and specifically excluding any inquiries into the 2014 to 2018 matters.

## LEGAL ARGUMENT

Rule 26(c) provides, in pertinent part, "Upon motion by a party . . . and for good cause shown, . . . the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense . . . ." *Fed. R. Civ. P.* 26(c). See also *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 348 n.10 (E.D. Pa. 2000). Moreover, it is axiomatic that "the party seeking discovery must first demonstrate the relevance before the party seeking a protective order must demonstrate good cause." *Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 195 (D.N.J. 2010).

This Defendant therefore seeks a protective order from questioning into the following areas: (1) the investigation into the 2014 and 2018 Prosecutor coverage issue; (2) Defendant Scutari's private practice; and (3) Defendant Scutari's political activities and career. Because Plaintiff cannot demonstrate any relevance of these topics to her claims, she must be precluded from inquiring into these areas. Of course, Plaintiff is free to ask this Defendant's role in her criminal case and Linden Municipal Court procedures in 2007 and 2008, as these are relevant and germane to her claims. But to use her time with this witness to delve into extraneous and unrelated matters is unfair and contrary to the discovery rules.

## CONCLUSION

For the foregoing reasons, a protective order should be entered limiting the topics at Defendant Scutari's deposition.

Respectfully submitted,

*/S/ EDWARD KOLOGI*
EDWARD KOLOGI, ESQ.