# KOLOGI SIMITZ
## COUNSELLORS AT LAW

EDWARD J. KOLOGI, ESQ.

MICHAEL S. SIMITZ, ESQ.
ALSO ADMITTED IN NY

500 NORTH WOOD AVE
LINDEN, NJ 07036
PHONE (908) 486-8877
FAX (908) 486-3911

503 UNION AVE (ROUTE 71)
LOMURRO LAW FIRM BUILDING
BRIELLE, NJ 08730
PHONE (732) 221-0606

e_kologi_esq@comcast.net
michaelsimitz@aol.com

REPLY TO LINDEN OFFICE

October 25, 2024

Honorable Leda Dunn Wettre, U.S.M.J.
District of New Jersey
Martin Luther King Federal Courthouse
50 Walnut Street
Newark, NJ 07101
Via ECF Only

Re:   Coello v. City of Linden, et al.
      Civil Action No. 2:20-cv-1682 SDW/LDW

Dear Judge Wettre:

This is in brief Reply to Plaintiff's Counsel's October 23, 2024 Response to our October 15, 2024 letter requesting a Protective Order regarding the Deposition of Defendant Scutari in this case. Absolutely nothing in his submission undercuts our reasoning previously supplied to the Court.

On pages 1-3 of his letter, Counsel essentially reiterates the procedural history of the case. Counsel appears to be missing the basic point that nothing that occurred after the Municipal Court case against Coello case was concluded is in any way relevant to Plaintiff's claims against Scutari's alleged misconduct, nor reasonably calculated to lead to admissible evidence. Rather, Counsel spends the majority of his letter arguing that Scutari's conduct years after the fact is somehow ripe for inquiry.

We absolutely agree that Plaintiff is entitled to adduce evidence as to Scurati's involvement in the Coello matter, which, despite Counsel's protestations, is limited by his own claims to the issue of whether Scutari should have been involved therein. We challenge Plaintiff to articulate any other claim against Scurati based upon its own Complaint.

The crux of the issues Counsel wants to pursue which occurred years after Coello involve (1) Scutari compensating other Municipal Prosecutors to cover certain of his Court appearances (which is not the case here); and (2) Judge DiLeo proceeding with the trial of cases without any Prosecutor (which also is not an issue here). In the Coello criminal

case, there was a Prosecutor assigned to the matter, Kathleen Estabrooks, who was appointed as a Private Prosecutor pursuant to Court Rule. Absolutely nothing which occurred six to ten years later has any bearing on what Scutari did, should have done, or did not do with respect to the Coello case.

Plaintiff's rambling letter is an attempt to obfuscate what is a most straightforward issue without any "nuances", i.e. while it is undisputed that Scutari was in no way involved in the Coello case, should he have been? Any discovery as to the 2014-2018 events is again entirely irrelevant, and for the reasons previously set forth would result in embarrassment, harassment, and adverse political publicity against one of the highest officials in New Jersey State Government.

For the above reasons as well as those set forth in our original letter to the Court, we urge that a Protective Order be granted.

Respectfully submitted,

**/S/ EDWARD KOLOGI**
EDWARD KOLOGI, ESQ.